# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

AMERISOURCE BERGEN DRUG
CORPORATION,

      Plaintiff,                                                          Case No. 1:06-cv-840

      vs.                                                                  Beckwith, C.J.
                                                                           Black, M.J.

HALLMARK PHARMACIES, INC., *et al.*,

      Defendant.

### REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (doc. 5) BE DENIED

      This civil action matter is before the Court on Plaintiff's motion for entry of default judgment (doc. 5).

      On December 8, 2006, Plaintiff initiated this action by filing a complaint against defendants Hallmark Pharmacies, Kim Ferguson, Terry Hall Enterprises, Richard Rigdon Wanda Rigdon, and R. Terry Hall. (Doc. 1.)  Thereafter, on March 21, 2007, plaintiff filed a motion for default judgment as to defendant Kim Ferguson a result of her failure to timely answer the complaint.  (Doc. 5.)  Defendant Ferguson then filed a motion for leave to answer out of rule.  (Docs. 9, 10.).  Defendant's motion was granted, and her answer was filed on June 14, 2007.  (*See* Docs. 18, 19.)

      The procedure governing the entry of default is provided by Fed. R. Civ. P. 55(a), which states in pertinent part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

---

      [1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

      Here, defendant Ferguson has not failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure.  Thus, pursuant to Fed. R. Civ. P. 55(a), entry of default judgment is improper.  Accordingly, it is therefore **RECOMMENDED** that plaintiff's motion for default judgment (doc. 5) be **DENIED** (as moot)**.**


**DATE:** August 30, 2007                                     s/Timothy S. Black
                                                                            Timothy S. Black
                                                                            United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

AMERISOURCE BERGEN DRUG
CORPORATION,

      Plaintiff,                                 Case No. 1:06-cv-840

      vs.                                        Beckwith, C.J.
                                               Black, M.J.

HALLMARK PHARMACIES, INC., *et al.*,

      Defendant.

**NOTICE**

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).